Turley, I.
delivered the opinion of the court.
Ambrose Martin was convicted. in the Circuit Court of Montgomery county, at the November term, 1845, of the offence of selling spirituous liquors to a slave without a written permission from the slave’s master so to do.
The. bill of indictment charges that “he was guilty of selling spirituous liquors to a slave, the property of Abner Yaughn, without a permit in writing from his master;” and it is now contended that this indictment is substantially defective for two reasons: 1st. That the description of the negro is not given with sufficient certainty; that he should have been described by name as well as by ownership. We do not think so. We have repeatedly decided that in indictments for misdemeanors, we will not require as great certainty as in indictments for felonies. Certainty to a common intent is sufficient. To hold that the name of the negro and the name of his master should be in every'instance specified in the indictment,' would be to require a degree of certainty destructive to prosecutions of this character. 2d. It-is contended that the indictment is bad because it does not aver that there was no written permission from the mistress or agent of the owner of the slave. We do not think so. The statute which creates the offence, makes a written permission from the master of the slave, ■ or from his mistress, or from the agent of the owner, a sufficient warrant to authorize the selling; that is, if the slave have a ¿raster, his written permission is required — if he have a mistress, her written permission is required — but if he be under the control of an overseer, his-written permission is required instead of that of his master or mistress. Therefore, when a negro is described as the property of a master or mistress and the execution of a written permission from either the one or the other as the case may be, is' negatived, it is good, for there may be no overseer or agent — in nine cases out of ten there would be none, and why negative that which may by bare possibility exist-, and which if it do, constitutes a defence fully within the knowledge of the accused, and of which he can readily avail himself?
*207 Wé do not think that there is any thing inconsistent with this view of the case in the cases of the State vs. Jones, 2 Yerger, 22; and Mathews vs. the State, same book, 233, to which we have been referred as authorities. In both these averments of the existence of facts held to be necessary to constitute the offence charged, were omitted, but not so here. The averment is made, and as we have said, with sufficient certainty. The negro is described as the property of Abner Vaughn, and the existence of any written authority from him is expressly negatived. We will not intend that there might have been some one else authorized to give such permission.
The judgment will therefore be affirmed.